2008 OK 78

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James W. SPRADLING, II, Respondent.**

**SCBD No. 5428.**

Supreme Court of Oklahoma.

Sept. 8, 2008.

¶ 1 Upon consideration of the complainant Oklahoma Bar Association's application for an order approving the resignation pending disciplinary proceedings of the respondent, James W. Spradling, II, **THE COURT FINDS:**

1. James W. Spradling, II, OBA # 10676, was admitted to the Oklahoma Bar Association on May 11, 1984. His official roster address as shown by the Oklahoma Bar Association, is 5616 Lake Side Drive, Bossier City, LA 71111.

2. On June 26, 2008, the Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

3. The Respondent's affidavit states that he is freely and voluntarily tendering his resignation, that he is not being subjected to coercion or duress and that he is fully aware of the consequences of submitting his resignation pending disciplinary proceedings. The Respondent states that he is aware that his resignation is subject to the approval of the Supreme Court of the State of Oklahoma, but that he intends that his resignation be effective from the date and time of its execution and he will conduct his affairs accordingly.

4. The Respondent states in the affidavit that he is aware of the following grievances lodged against him and pending with the office of the General Counsel and he is aware that the investigation is proceeding with regard to the following:

(a) DC 07–166 alleges that the General Counsel received notice from the Louisiana Attorney Disciplinary Board that Respondent was permanently disbarred in Louisiana on January 26, 2007 for violations on seven (7) counts. A photocopy of the opinion of the Louisiana Supreme Court in Case No. 06–B–1971 permanently disbarring the Respondent is attached to the affidavit as Exhibit A.

(b) The Respondent was stricken from the roll of attorneys in Oklahoma on September 11, 2006 in SCBD 5075 for nonpayment of Oklahoma Bar Association dues for 2005.

5. The Respondent states that he is aware that, pursuant to Rule 7.7, Rules Governing Disciplinary Proceedings, the decision by the Supreme Court of Louisiana is prima facie evidence that he committed the acts described and serves as the basis for imposition of discipline in Oklahoma. The Respondent states that he is aware that he is entitled to appear before this Court to show cause, if any, why he should not be disciplined, and to submit a brief and any evi-

dence tending to mitigate the severity of discipline. The Respondent expressly waives those rights in any bar disciplinary proceeding.

6. The Respondent states that he is aware that the violations established by the decision of the Louisiana Supreme Court would constitute violations of Rules 1.3 and 1.4 of the Oklahoma Rules Governing Disciplinary Proceedings, and of Rules 1.3, 1.4, 1.5, 1.7, 1.8, 1.15, 1.16(d), 3.3(a)(1), 3.3(a)(4), 8.1(a) and 8.4(b)(c) and (d) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, as well as his oath as an attorney.

7. Respondent states that he has familiarized himself with and has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, within twenty (20) days following the date of his resignation.

8. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five (5) years from the effective date of this Order and that he may be reinstated to the practice of law only upon full compliance with Rule 11, Rules Governing Disciplinary Proceedings and any other rules that may apply to such reinstatement.

9. Respondent acknowledges that the Client Security Fund may receive claims from his former clients and he agrees to reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

10. Respondent states that his Oklahoma Bar Association membership card has not been returned to the Office of the General Counsel because it has been destroyed.

11. Respondent agrees to cooperate with the Office of the General Counsel in providing current contact information and identifying any active cases wherein client documents and files need to be returned to the client or forwarded to new counsel, and any fees or funds owed by him to clients.

12. The Oklahoma Bar Association states that it has not incurred any costs in the investigation of this matter.

13. The resignation pending disciplinary proceedings executed by the respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A and should be approved.

¶2 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT Complainant's application and Respondent's resignation pending disciplinary proceedings are approved.

¶3 IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the name of James W. Spradling, II, be stricken from the roll of attorneys in Oklahoma. Because resignation pending disciplinary proceedings is tantamount to disbarment, he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date of this Order. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the Respondent shall be a condition of reinstatement. The Respondent shall comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001 Ch. 1, App. 1–A, within twenty (20) days of the date of his resignation.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 8TH DAY OF SEPTEMBER 2008.

/s/ James R. Winchester
CHIEF JUSTICE

All Justices concur.